**CHRISTIANA HOSPITAL, Christiana Medical Center, Christiana Medical Center, a Delaware Limited Partnership, Wilmington Hospital, the Medical Center of Delaware, Inc., d/b/a Christiana Hospital, d/b/a Christiana Medical Cen-**

---

35. *Id.*

ter, Inc., a Delaware Limited Partnership, d/b/a Wilmington Hospital, d/b/a Medical Center of Delaware, Dr. Leo Raisis, Dr. Curt D. Blacklock, and John Does 1–60, Defendants Below, Appellants,

v.

Joan FATTORI, as Administratrix and Prosequendum and Personal Representative for the Heirs–At–Law of Samuel Fattori, Deceased; as General Administratrix and Personal Representative of the Estate of Samuel Fattori, Deceased, Marc Richard Fattori, Son, and Joan Fattori, Individually, Plaintiffs Below, Appellees.

Nos. 495 and 497, 1997.

Supreme Court of Delaware.

Submitted: May 26, 1998.

Decided: Aug. 6, 1998.

John A. Elzufon (argued), and Judith A. Hildick, Elzufon & Austin, P.A., Wilmington, for the Christiana Appellants and Appellant Dr. Leo Raisis.

Gilbert F. Shelsby, Jr. (argued), Mason, Ketterman, Morgan & Shelsby, Newark, for Appellant Curt D. Blacklock, M.D.

William E. Moore, William E. Moore & Associates, Rehoboth Beach, and Lawrence M. Silverman (argued), Silverman Coopersmith & Frimmer, Philadelphia, PA, of counsel, for Appellees.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ., constituting the Court En Banc.

WALSH, Justice:

This is an interlocutory appeal from the Superior Court in a medical malpractice action. The Appellees/Plaintiffs-below, the wife, son and the Estate of Samuel Fattori, deceased (the "Fattoris"), asserted claims against various hospital and physician defendants (collectively, the "Defendants") arising out of the death of Samuel Fattori in 1993. The Defendants moved to dismiss the Fattoris' complaint on statute of limitations grounds. The Superior Court denied the motion but certified an interlocutory appeal

of its ruling that the Delaware savings statute, 10 *Del. C.* § 8118, is applicable to the two year limitations period for medical malpractice actions. We find the Fattoris' claims to be barred by the two year statute of limitations found in 18 *Del. C.* § 6856 and that the savings statute is inapplicable to medical malpractice actions. We, thus, reverse the ruling of the Superior Court.

## I.

The facts in the matter are essentially undisputed. On February 10, 1993, Samuel Fattori died of complications allegedly related to the performance by the Defendants of arthroscopic surgery on his shoulder. The Fattoris initially filed their claim against the Defendants on February 2, 1995, in both the United States District Court for the Western District of Pennsylvania and the Court of Common Pleas of Fayette County, Pennsylvania. The Western District of Pennsylvania dismissed the claim for lack of diversity on December 6, 1995. On April 15, 1996, the Pennsylvania Court of Common Pleas dismissed the case for failure of the Fattoris to pursue their claim in that court.

The Fattoris then filed suit against Defendants in the Delaware Superior Court on December 6, 1996, alleging essentially the same claim asserted in their Pennsylvania actions. The Defendants filed motions to dismiss and/or motions for summary judgment on the ground that the Fattoris' claims were barred by the two-year statute of limitations under Delaware's medical care malpractice statute, 18 *Del. C.* § 6801 et seq. *See* 18 *Del. C.* § 6856.[1] The Fattoris defended the motions on the ground that the Delaware savings statute for personal actions, 10 *Del. C.* § 8118, allowed a one-year extension from the dismissal of the Pennsylvania action for the refiling of their claims in Delaware. The Superior Court agreed with the Fattoris and denied the Defendants' motions, prompting these interlocutory appeals, which were consolidated for determination.

1. Section 6856 provides in pertinent part:
   No action for the recovery of damages upon a claim against a health care provider for personal injury, including personal injury

## II.

■　The question in this case is one of statutory interpretation. This Court reviews statutory construction rulings *de novo* to determine whether the Superior Court erred as a matter of law in formulating or applying legal precepts. *Grand Ventures, Inc. v. Whaley,* Del.Supr., 632 A.2d 63, 66 (1993).

Prior to the enactment of the Medical Malpractice Act of 1976 ("the Act"), medical malpractice actions were governed by Chapter 81 of Title 10, pertaining to personal actions. The Delaware General Assembly adopted the Act in response to increasing costs of insurance coverage for health care providers and out of concern for the potentially open-ended period of limitations established in this Court's decision in *Layton v. Allen,* Del. Supr., 246 A.2d 794 (1968). *Ewing v. Beck,* Del.Supr., 520 A.2d 653, 658–59 (1987). Included in the Act was Section 6856 of Title 18, which reimposes a definite two-year statute of limitations upon medical malpractice actions with only two limited exceptions not at issue here. The Fattoris' Delaware action, filed three years after Samuel's death, would appear to be time barred under 18 *Del. C.* § 6856.

The Fattoris seek to avoid the effect of § 6856 by arguing that their action is "saved" by 10 *Del. C.* § 8118, which provides a saving clause for personal injury actions as follows:

> If in any action duly commenced within the time limited therefor *in this chapter,* the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; . . . a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action. . . .

which results in death, arising out of malpractice shall be brought after the expiration of 2 years from the date upon which such injury occurred. . . .

10 *Del. C.* § 8118(a) (emphasis added). According to the Fattoris, passage of the Act did not foreclose the continuing application of 10 *Del. C.* § 8118 to medical malpractice actions, and the extension provided therein covers the refiling of their action in Delaware.

 We reject the Fattoris' argument and find that the Superior Court erred in not dismissing the action. While there was no express rejection of the application of the savings statute as it existed prior to 1976, the sweeping nature of the 1976 legislation conveys an intention of a complete break with the past legal treatment of medical malpractice claims. *Dunn v. St. Francis Hosp., Inc.,* Del.Supr., 401 A.2d 77, 80 (1979). We are not persuaded by the Fattoris' contention that the savings statute may be viewed as superseded only if this Court adopts the doctrine of implied repealer, which is not favored in Delaware. *See Board of Assessment Review v. Silverbrook Cemetery Co.,* Del.Supr., 378 A.2d 619 (1977). In our view, the inconsistency between pre-existing savings statute and the Act is not merely implied.

Although it did not expressly reject the application of § 8118, the General Assembly, in Section 3 of the Act, expressly amended Chapter 81 of Title 10 to restrict the period for initiating medical malpractice claims to the time periods set forth in 18 *Del. C.* § 6856. 10 *Del. C.* § 8128.[2] This intentional amendment of Chapter 81, when read in conjunction with 18 *Del. C.* § 6857, subjecting "all actions, cases and proceedings" filed thereafter to the provisions of Chapter 68 of Title 18, and when considered in the context of the comprehensive nature of the Act, is strong evidence of repealer. Admittedly, the General Assembly could have made its intention unmistakable if it had prefaced Section 3 of the Act with language such as "Notwithstanding the provisions of § 8118 or other savings provisions...." But these statutes, read *in pari materia*, convey a clear intention of writing on a clean slate with respect to the limitations period for medical malpractice actions. Moreover, a holding rejecting repeal would be at variance with previous decisions of this Court emphasizing that the Act was intended to be a complete break with past legal standards. *See Ewing*, 520 A.2d at 658–59; *Dunn*, 401 A.2d at 80. Accordingly, we hold 10 *Del. C.* § 8118 inapplicable to medical malpractice actions. The untimeliness of the Fattoris' Delaware action, thus, is not saved by application of 10 *Del. C.* § 8118, and the Superior Court erred in not dismissing their cause of action.

Our conclusion that Section 8118 does not "save" actions commenced under time periods established outside the parameters of Title 10, finds support in a decision of the Court of Chancery, later affirmed by this Court. In *Moore v. Graybeal*, Del.Ch., C.A. No. 9851, Allen, C., 1989 WL 17430 (Feb. 24, 1989) *aff'd* Del.Supr., No. 119, 1989, Walsh J., 1989 WL 114316 (Aug. 25, 1989) (ORDER), the Chancellor considered, on a motion to dismiss, whether Section 8118 tolled the special statute of limitations for review of a will, found at 12 *Del. C.* § 1309, where a federal action had been filed within the period of limitations. Relying on the language of § 8118, the Chancellor found Section 8118(a) inapplicable to actions brought under 12 *Del. C.* § 3109 because "the time within which a will review proceeding is to be commenced is not set forth in Chapter 81 of Title 10 and thus is not subject to Section 8118." On appeal this Court agreed with this rationale and affirmed the result.

On the basis of the foregoing, the decision of the Superior Court is REVERSED.

---

**2.** 10 *Del. C.* § 8128 provides that

[n]o action for the recovery of damages upon a claim based upon alleged health care malpractice, whether in the nature of a tort action or breach of contract action, shall be brought after the expiration of the time period for bringing such action set forth in § 6856 of Title 18, Delaware Code.