# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

NICOLE B. VERRASTRO, as Surviving )
Daughter of Bridget E. Verrastro, and )
CHRISTOPHER GIERY as the Executor of the )
Estate of Bridget E. Verrastro, )
                                )
            **Plaintiffs,**       )
                                )
    **v.**                             )    C.A. N14C-10-159 PRW
                                )
BAYHEALTH MEDICAL CENTER, INC., )
PAUL A. FEDALEN, M.D., BAYHEALTH )
CARDIOVASCULAR SURGICAL )
ASSOCIATES, BRANDT J. FEUERSTEIN, )
M.D., EDEN HILL SURGICAL GROUP, P.A., )
BRAIN J. WALSH, D.O., DOVER )
PULMONARY, P.A., TRICIA DOWNING, )
M.D., REBAKAH BOENERJOUS, M.D., and )
BAYHEALTH HOSPITALISTS, LLC, d/b/a )
BAYHOSPITALISTS, LLC, )
                                )
         **Defendants.**     )

Submitted: June 17, 2015
Decided: July 24, 2015

## OPINION

*Upon Defendants Paul A. Fedalen, M.D., Brandt J. Feuerstein, M.D., and
Eden Hill Surgical Group, P.A.'s Motion to Dismiss,*
**DENIED.**

*Upon Defendants Brian J. Walsh, D.O. and Dover Pulmonary, P.A.'s
Motion to Dismiss,*
**DENIED.**

Ben T. Castle, Esquire, Hudson & Castle Law, LLC, Wilmington, Delaware, Attorney for Plaintiffs.

John D. Balaguer, Esquire, Christine Kane, Esquire, White and Williams LLP, Wilmington, Delaware, Attorneys for Defendants Paul A. Fedalen, M.D., Brandt J. Feuerstein, M.D., and Eden Hill Surgical Group, P.A.

Bradley J. Geowert, Esquire, Lorenza A. Wolhar, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, Attorneys for Defendants Brian J. Walsh, D.O. and Dover Pulmonary, P.A.

**WALLACE, J.**

## I.    INTRODUCTION

This is an action for medical negligence and wrongful death. Plaintiffs, Nicole B. Verrastro, as Surviving Daughter of Bridget E. Verrastro, and Christopher Giery as the Executor of the Estate of Bridget E. Verrastro (collectively, "Plaintiffs"), sent a Notice of Intent to Investigate ("Notice of Intent") to various doctors and medical practices pursuant to Title 18, section 6856(4) of the Delaware Code. Plaintiffs subsequently filed a Complaint against multiple defendants outside of the two-year statute of limitations for medical negligence and wrongful death, but within the 90-day tolling period provided in § 6856(4). Defendants Paul A. Fedalen, M.D., Brandt J. Feuerstein, M.D., Eden Hill Surgical Group, P.A., Brian J. Walsh, D.O., and Dover Pulmonary, P.A. (collectively, "Defendants") now move to dismiss the claims against them on the grounds that the Notices are deficient under § 6856(4) and therefore failed to toll the statute of limitations. They argue Plaintiffs' claims are thus time-barred. For the reasons set forth below, Defendants' Motions to Dismiss are **DENIED.**

## II.    FACTUAL AND PROCEDURAL BACKGROUND

According to the Plaintiffs' Complaint, Bridget E. Verrastro presented to Defendant Bayhealth Medical Center, Inc.'s Milford Memorial Hospital emergency department on August 12, 2012 for difficulty breathing and chest pain.

While at the hospital, Ms. Verrastro allegedly saw Dr. Feuerstein and was told to follow-up with Dr. Fedalen. She was discharged that day. The next morning, she reported to Defendant Bayhealth's Kent General Hospital's emergency room, allegedly at Dr. Fedalen's direction, for shortness of breath. Ms. Verrastro was admitted later that day. The Complaint further alleges Dr. Fedalen and Dr. Walsh were involved in Ms. Verrastro's treatment there. Ms. Verrastro died at Kent General Hospital on August 14, 2012. Her primary cause of death was listed on her death certificate as "cardiopulmonary arrest; mediastinal mass."[1]

On July 30, 2014, so as to toll the applicable two-year statute of limitations, Plaintiffs sent a Notice of Intent to Investigate under 18 *Del. C.* § 6856(4) ("Notice of Intent") to: Brian J. Walsh, D.O., Dover Pulmonary, P.A., Eden Hill Surgical Group, Brandt J. Feuerstein, M.D., Paul A. Fedalen, M.D., and others. Plaintiffs then filed their Complaint against Defendants on October 17, 2014.

## III. STANDARD OF REVIEW

A party raising a statute of limitations defense may do so in a motion to dismiss when the pleading itself shows that the action was not brought within the statutory period.[2] The Court accepts the allegations contained in the opposing

---

[1] *See* Compl. ¶¶ 18-49.

[2] *Wilson v. Kirlin*, 2011 WL 1465576, at *1 (Del. Super. Ct. Apr. 15, 2011); *Brooks v. Savitch*, 576 A.2d 1329, 1330 (Del. Super. Ct. 1989).

-4-

party's pleading as true for purposes of such a motion.[3]

## IV.  DISCUSSION

Under the two-year statute of limitations for medical negligence and resulting wrongful death actions,[4] Plaintiffs were required to file their Complaint by August 14, 2014—two years after the alleged date of injury resulting in death. Plaintiffs did not do so until October 17, 2014.  The statute permits the limitations period to be tolled up to 90 days, however, in certain circumstances:

> A plaintiff may toll the above statutes of limitations for a period of time up to 90 days from the applicable limitations contained in this section by sending a Notice of Intent to investigate to each potential defendant or defendants by certified mail, return receipt requested, at the defendant's or defendants' regular place of business. *The notice shall state the name of the potential defendant or defendants, the potential plaintiff and give a brief description of the issue being investigated by plaintiff's counsel.* The 90 days shall run from the last day of the applicable statute of limitations contained in this section. The notice shall not be filed with the court. If suit is filed after the applicable statute of limitations in this section, but before the 90-day period in this section expires, a copy of the notice shall be attached to the complaint to prove compliance with the statute of limitations.[5]

---

[3]  *Wilson*, 2011 WL 1464476, at *1.

[4]  See DEL. CODE ANN. tit. 18, § 6856 (2014) ("No action for the recovery of damages upon a claim against a health care provider for personal injury, including personal injury which results in death, arising out of medical negligence shall be brought after the expiration of 2 years from the date upon which such injury occurred. . .").

[5]  *Id.* § 6856(4) (emphasis added).

The Notices of Intent Plaintiffs sent to each potential defendant on July 30, 2014, in an effort to toll the statute of limitations for 90 days (*i.e.*, to November 12, 2014), read:

**NOTICE OF INTENT TO INVESTIGATE**

TO:        [Addressee Doctor or Practice]

FROM:      [Plaintiffs' Counsel]

**RE: MEDICAL CARE AND TREATMENT OF BRIDGET E. VERRASTRO**

I, [Plaintiffs' Counsel], ON BEHALF OF THE **ESTATE OF BRIDGET E. VERRASTRO AND CHRISOPHER GIERY as De Facto Guardian and Next Best Friend of Bridget E. Verrastro's minor daughter NICOLE BAE VERRASTRO,** hereby notify Bayhealth Medical Center, Inc. via Certified U.S. Mail, Return Receipt Requested, of Plaintiffs' intent to investigate the facts leading to the death of Bridgett [sic] E. Verrastro, while she was a patient at Bayhealth Medical Center, Inc. – Milford Memorial and Kent General Hospitals, on or about August 12th through the 14th, 2012. This notice is being sent pursuant to 18 *Del. C.* § 6856.[6]

Each Notice of Intent was addressed individually to each different doctor or medical practice. But the body of each Notice of Intent was identical for each Defendant.

---

[6]    *E.g.,* Ex. B to Defs. Brian J. Walsh, D.O. and Dover Pulmonary, P.A.'s Mot. to Dismiss.

-6-

Defendants here claim that, as to each of them, the Notice of Intent fails to comply with § 6856(4) and therefore does not toll the statute of limitations. As a result, Defendants contend, Plaintiffs' October 17, 2014 Complaint against each of them is time-barred.

### A. The Defendants Did Not Waive a Statute of Limitations Defense.

The Court first considers whether Defendants have waived their right to assert a statute of limitations defense by "their active participation in litigating the merits of Plaintiffs' Complaint."[7] Plaintiffs argue – but cite to no authority for – this proposition. Defendants claim they preserved their statute of limitations defense by setting it forth as an affirmative defense in their answers to the Complaint.[8] Superior Court Rules of Civil Procedure 8(c) and 12(b) "require[] a defendant to raise the defense of limitations either in a motion to dismiss or as an affirmative defense in a responsive pleading."[9] As the Delaware Supreme Court

---

[7] *See* Pls.' Rsp. to Defs. Brian J. Walsh, D.O. and Dover Pulmonary, P.A.'s Mot. to Dismiss, at 3-4.

[8] *See* Defs. Brandt J. Feuerstein, M.D. and Eden Hill Surgical Group, P.A.'s Ans. to Pls.' Compl. ¶ 68 (setting forth second affirmative defense: "Plaintiffs' claim may be barred by the applicable statute of limitations"); Def. Paul A. Fedalen, M.D.'s Ans. to Pls.' Compl. ¶ 68 (same); Defs. Brian Walsh, D.O., and Dover Pulmonary, P.A.'s Ans. to Pls.' Compl. at 9 (second affirmative defense: "Plaintiffs' Complaint is barred by the applicable statute of limitations.").

[9] *Gadow v. Parker*, 865 A.2d 515, 516 (Del. 2005); *see also* Del. Super. Ct. Civ. R. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . ."); *id.* 12(b) ("Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required. . . . No defense or objection is waived by being joined with one or more other defenses or objections in a

has held, raising a statute of limitations defense in compliance with the procedural rules does not waive that defense.[10] Defendants here have followed such procedural requirements by raising a statute of limitations defense in their answers. They did not waive that limitations defense by participating in litigation for the intervening sixty-nine days before they filed the present motions to dismiss grounded on a limitations defense.

### B. The Notices of Intent Contained the Necessary Elements to Toll the Statute of Limitations.

Having found that the Defendants' statute of limitations defense was properly raised, the Court must determine whether the Notices of Intent Plaintiffs sent on July 30, 2014 were sufficient under § 6856(4) to toll the limitations period.

Section 6854(4) sets forth several requirements for tolling. First, the statute unambiguously states that the Notices of Intent shall be sent by certified mail, return receipt requested.[11] Each Defendant agrees that Plaintiffs complied with

---

responsive pleading or motion. If a pleading sets forth a claim for relief to which an adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief.").

[10]    *See Gadow*, 865 A.2d at 520 (finding defendants who raised statute of limitations defense in answer to original complaint, omitted the defense from an opposition to a motion for leave to amend the complaint, and later reasserted it as grounds for a motion to dismiss the amended complaint, did not waive their limitations defense).

[11]    *See* DEL. CODE ANN. tit. 18, § 6856(4) (2014) ("A plaintiff may toll the above statutes of limitations for a period of time up to 90 days from the applicable limitations contained in this section by sending a Notice of Intent to investigate to each potential defendant or defendants by certified mail, return receipt requested, at the defendant's or defendants' regular place of

that requirement. They argue, however, that as to each of them individually the content of the Notice of Intent is insufficient to meet the § 6856(4) content requirement.[12] But the statutory language is less clear as to the drafting requirements for a proper Notice of Intent's contents. Section 6856(4) simply requires that a Notice of Intent contain three elements: (1) the name of the potential defendant or defendants; (2) the potential plaintiff; and (3) a brief description of the issue plaintiff's counsel is investigating.[13]

Defendants argue only the strictest compliance with all of § 6856(4)'s requirements will trigger the 90-day tolling provision.[14] And upon reading only the case law on the certified mailing requirement, Defendants' argument has some incipient appeal. But, as the Delaware Supreme Court observed, while the certified mail provision of § 6856(4) requires strict compliance to toll the statute of

___

business."); *Leatherbury v. Greenspun*, 939 A.2d 1284, 1292 (Del. 2007) (finding certified mail requirement "is not reasonably susceptible to different conclusions or interpretations" and holding strict compliance with that provision is required to toll statute of limitations).

[12] *See* Defs. Brian J. Walsh, D.O. and Dover Pulmonary, P.A.'s Mot. to Dismiss at 4-5 (". . . the notice that was sent to Dr. Walsh and Dover Pulmonary, PA did not meet the statutory requirements to put either defendant on notice of potential litigation against *them*, and toll the statute of limitations."); Defs. Paul A. Fedalen, M.D., Brandt J. Feuerstein, M.D., and Eden Hill Surgical Group, P.A.'s Mot. to Dismiss at 3 (". . . the notice did not state that the Plaintiffs were investigating . . . [Dr. Fedalen, Dr. Feuerstein or] Eden Hill Surgical Group.").

[13] § 6856(4).

[14] Defendants draw primarily from a Delaware Supreme Court case interpreting the certified mail provision. *See Leatherbury*, 939 A.2d at 1292.

limitations, the remaining provisions are "guidelines [that] must be followed, [though] they do not mandate additional hoops a plaintiff must jump through *before* he can toll the statute."[15]

Section 6856(4)'s first and second sentences both mandate certain things related to a Notice of Intent. The first sentence prescribes the mechanical act of delivering the Notice of Intent via certified mail. Determining compliance with this provision is facile, and there is no room for interpretation. In contrast, the second sentence merely requires the presence of three elements. There is, inherent in the art of legal drafting, more flexibility in crafting a document's contents. Recognizing this difference, the Court will analyze whether the Plaintiffs' Notices of Intent had the three required content elements.

Here, the Court finds, and Defendants concede, that each Notice of Intent lists the potential plaintiffs—thus, the second element is met. The Defendants contend, however, that the first and third elements are absent. They claim it is unclear from the Notice of Intent's language that Plaintiffs "hereby notify Bayhealth Medical Center, Inc." – as opposed to the addressees – that they (the

---

[15]     *Farmer v. Brosch*, 8 A.3d 1139, 1143 (Del. 2010) (interpreting provision requiring Notice of Intent be attached to Complaint filed outside of 2-year statute of limitations but within the 90-day tolling period). The Court further found that "[t]he attachment requirement is more akin to a special rule of pleading that, if not followed, is subject to cure by filing a Motion to Amend a faulty original complaint on the basis of the relation back doctrine." *Id*.

addressees) are being investigated. Defendants further argue that failing to mention the individual defendant within the body of the Notice of Intent creates confusion as to what issue is being investigated.

Plaintiffs argue that the purpose of the notice was fulfilled: the Defendants were put on notice of the potential claims against them being investigated. Plaintiffs further argue that the Defendants' entry of appearance and engagement in litigation evidences that they received fair notice of the claims.

While made a more difficult call than it had to be due to the Plaintiffs' drafting imprecision here, the Court finds that the Plaintiffs' Notices of Intent have the three required content elements. Each Notice of Intent states the intended potential defendant as an addressee.[16] Each Notice of Intent further states that the investigation is into the "facts leading to the death of Bridgett [sic] E. Verrastro, while she was a patient at Bayhealth Medical Center, Inc. – Milford Memorial and Kent General Hospitals, on or about August 12th through the 14, 2012."[17] And each concludes: "This notice is being sent pursuant to 18 *Del. C.* § 6856."

Defendants can hardly argue that they were completely unaware of why they

---

[16] *See* § 6856(4) ("The notice shall state the name of the potential defendant or defendants . . .").

[17] *E.g.,* Ex. B to Def. Brian J. Walsh, D.O. and Dover Pulmonary, P.A.'s Mot. Dismiss. *See also* § 6856(4) ("The notice shall . . . give a brief description of the issue being investigated by plaintiff's counsel.").

received the Notice of Intent—even if it could have been more concisely stated and more artfully constructed. The Court therefore finds that the three minimally-required content elements are present in the challenged Notices of Intent, even if they are not drafted in the most clear and concise manner.[18] Accepting the allegations contained in the Plaintiffs' pleadings as true, the Court finds that the matter was brought within the applicable (*i.e.,* extended) limitations period.

---

[18] To ensure that a Notice of Intent more clearly complies with § 6856(4), wording somewhat along the following lines might be appropriate (using this case as an example):

> To: [Potential Defendant Doctor or Practice]
>
> This Notice of Intent to investigate is sent pursuant to 18 *Del. C.* § 6856(4) on behalf of the Estate of Bridget E. Verrastro and Christopher Giery, as De Facto Guardian and Next Best Friend of Bridget E. Verrastro's minor daughter, Nicole Bae Verrastro.
>
> We have been retained to investigate a claim or claims involving healthcare medical negligence and wrongful death arising from Bridget E. Verrastro's treatment on or about August 12-14, 2012 as a patient at Bayhealth Medical Center, Inc. – Milford Memorial and Kent General Hospitals. Bridget E. Verrastro's Estate and Christopher Giery are the potential plaintiffs. [Potential Defendant Doctor or Practice] is a potential defendant. We are investigating the facts leading to Ms. Verrastro's death, and whether [Potential Defendant Doctor or Practice] failed to provide proper healthcare for Ms. Verrastro and/or breached the applicable standard of care.
>
> This notice is sent via Certified U.S. Mail, Return Receipt Requested.

## V. CONCLUSION

Because the Court finds that each Notice of Intent here contains all of the requisite content elements under 18 *Del. C.* § 6856(4) so as to toll the 2-year statute of limitations, and because Plaintiffs' Complaint was filed within that tolling period, Defendants' Motions to Dismiss are **DENIED.**

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary
cc: All counsel via File and Serve