# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ELLI BOKENO, individually, as Surviving Spouse, and as Personal Representative and Administratrix of the ESTATE OF EUGENE RAYMOND BOKENO, DAVE KOCCHINO and DARIN BOKENO, Individually and as Surviving Sons of Eugene Raymond Bokeno, JENNY CHERRY, Individually and as Surviving Daughter of Eugene Raymond Bokeno, <br><br> Plaintiffs, <br><br>     v. <br><br> BAYHEALTH MEDICAL CENTER, INC. d/b/a BAYHEALTH MILFORD MEMORIAL HOSPITAL, APOGEE MEDICAL GROUP, DELAWARE, INC. d/b/a APOGEE PHYSICIANS, INC., KENT DIAGNOSTIC RADIOLOGY ASSOCIATES, P.A., ILYAS VAHORA, M.D., TIFFANY STODDARD, M.D., and YOGI TRIVEDI, M.D., <br><br> Defendants. | ) <br> ) C.A. No.: N17C-01-274 RRC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Submitted: July 10, 2017
Decided: September 21, 2017

On Defendant Yogi Trivedi M.D.'s Motion for Summary Judgment
Against Plaintiffs. **GRANTED.**


**MEMORANDUM OPINION**

Joseph R. Rhoades, Esquire and Stephen T. Morrow, Esquire, Rhoades & Morrow LLC, Wilmington, Delaware; Frederick C. Heyman, Esquire, and Kelly A. Donohue, Esquire, Bennett & Heyman, P.A., Baltimore, Maryland, Attorneys for Plaintiffs Elli Bokeno, Dave Kocchino, Darin Bokeno, and Jenny Bokeno.

Richard Galperin, Esquire and Ryan T. Keating, Esquire, Morris James LLP, Wilmington, Delaware, Attorney for Defendants Bayhealth Medical Center Inc. d/b/a Bayhealth Milford Memorial Hospital and Tiffany Stoddard, M.D.

Dana Spring Monzo, Esquire, and Lindsey E. Imbrogno, Esquire, White and Williams LLP, Wilmington, Delaware, Attorneys for Apogee Medical Group, Delaware, Inc. d/b/a Apogee Physicians, Inc. and Ilyas Vahora, M.D.

Bradley J. Goewert, Esquire and Thomas J. Marcoz, Jr., Esquire, Marshall, Dennehey, Warner, Coleman, and Goggin, Wilmington, Delaware, Attorneys for Kent Diagnostic Radiology Associates, P.A.

Maria R. Granaudo Gesty, Burns White, LLC, Wilmington, Delaware, Attorney for Moving Defendant Yogi Trivedi, M.D.

COOCH, R. J.

## I. INTRODUCTION

Pending before this Court is Defendant Dr. Yogi Trivedi's motion for summary judgment. This is a medical negligence action brought on behalf of the survivors of Eugene Raymond Bokeno. The Plaintiffs in their complaint allege that the defendants collectively "fail[ed] to communicate, fail[ed] to appropriately interpret radiology imaging, fail[ed] to properly evaluate and recognize the significance of critical lab values, fail[ed] to ensure proper placement of a nasogastric tube, fail[ed] to evaluate and respond to a deteriorating condition, fail[ed] to perform timely surgical intervention, and overall" failed to administer non-negligent care from October 23, 2014 through October 26, 2014.[1] The Plaintiff allegedly died as a result of these actions or inactions.

However, the issue raised by Dr. Trivedi at this stage is whether the Plaintiffs properly provided a Notice of Intent letter to him when Plaintiff sent such letter to Kent Diagnostic Radiology Associates ("Kent") on October 21, 2016, Dr.

[1] Pl.'s Compl. ¶ 22-23.

Trivedi's employer and business address at the time of the alleged tort, instead of sending it to Dr. Trivedi on October 21, 2016 at his then "regular place of business," as purportedly required by 18 *Del. C.* §6856(4). Apparently unknown to Plaintiffs, Dr. Trivedi had terminated his employment with Kent on July 31, 2016 and at some point thereafter moved to Florida.[2] Plaintiffs relied in part on "internet research" on or about October 21, 2016 to determine Dr. Trivedi's regular place of business, and in part as a result of such research sent a Notice of Intent letter to Kent at Kent's two Delaware addresses for the purposes of tolling the statute of limitations for 90 days while further investigation was to be conducted pursuant to 18 *Del. C.* §6856(4).[3] Dr. Trivedi moves for summary judgment against Plaintiff on the grounds of Plaintiffs' non-compliance with §6856(4).

This Court holds that the Plaintiffs' notice was not sent to Dr. Trivedi's "regular place of business" as of the date the notice was sent to him (October 21, 2016) as required for tolling the statute of limitations as required by 18 *Del. C.* §6856(4). This non-compliance with the statutory requirement precludes the maintenance of the action against Dr. Trivedi because the two-year statute of limitations had therefore expired as of the later filing of the complaint on January 13, 2017. Dr. Trivedi's motion for summary judgment is granted.

## II. FACTS AND PROCEDURAL HISTORY

The Plaintiffs' decedent, Eugene Raymond Bokeno, born on July 10, 1940, had a medical history of diabetes mellitus, hypertension, COPD, hypothyroidism, and chronic renal disease. On October 23, 2014, Mr. Bokeno went to Defendant Bayhealth Medical Center Inc. complaining of "worsening acute abdominal pain that had started the previous day."[4] When he entered the medical facility, Emergency Room physician Dr. Ann Darlington noted that Mr. Bokeno had "severe right sided abdominal pain, bloating, and gas associated with some nausea but no vomiting."[5] She also indicated that he was in "mild distress" but he had no "respiratory distress."[6] Following her evaluation of Mr. Bokeno, Dr. Darlington ordered several tests, including an abdominal/pelvic CT scan.

---

[2] Def.'s Aff.

[3] At oral argument, Plaintiffs stated that they in part had relied on the address for notice to Dr. Trivedi from an internet website, "healthgrades.com," an intermediary, user edited website. Oral Argument Tr. 16 at 17-23, July 10, 2017.

[4] Pl.'s Compl. ¶ 23.

[5] *Id.* at ¶ 24.

[6] *Id.*

Dr. Trivedi, a radiologist and an employee of Kent, interpreted this CT scan on October 23, 2014. When Dr. Trivedi interpreted Mr. Bokeno's CT scan, Dr. Trivedi found that there was a "partial small bowel obstruction involving the focal segment of the jejunum with a transition point seen within the right lower quadrant."[7] Plaintiffs allege, however, that Dr. Trivedi failed to accurately interpret the CT scan as compared to "similarly situated radiologists."[8] Plaintiffs allege that Dr. Trivedi "fail[ed] to mention the presence of signs of a closed-loop obstruction, the high-grade nature of the obstruction, and the secondary signs suggesting the possibility of early strangulation."[9]

Based on Dr. Trivedi's interpretation of the CT scan, Dr. Darlington consulted with a physician specializing in general surgery, Defendant Tiffany Stoddard, about admitting Mr. Bokeno.  Dr. Trivedi was consulted again during Mr. Bokeno's hospitalization when he "interpreted the two (2) views of the abdomen, KUB, and noted the NG tube placement in the left upper quadrant of the stomach. Defendant Trivedi further noted that the study demonstrated gaseous distention of multiple loops of small bowel unchanged from CT."[10] During his hospitalization, Mr. Bokeno was in severe pain and Plaintiffs allege that Dr. Trivedi's misinterpretation of Mr. Bokeno's scans contributed to his pain and ultimate death. Mr. Bokeno died on October 26, 2014 allegedly as a result of all Defendants' collective negligence.

Significantly, and for purposes of this motion, on October 21, 2016, Plaintiffs sent, by certified mail, return receipt requested, two Notices of Intent addressed to Dr. Trivedi at Kent Diagnostic Radiology Associates, P.A., at Kent's two Delaware addresses: 21 West Clarke Avenue, Milford, Delaware, 19963-1840, and 640 South Street, Dover, Delaware, 19901-3530. Kent was his employer at the time of the alleged negligence. The stated purpose of this letter was to extend the statutory period for an additional 90 days so that Plaintiffs could conduct further discovery pursuant to the requirements set forth in Section 6856(4).

Soon after Plaintiffs filed their complaint, Dr. Trivedi filed a Motion to Dismiss pursuant to Super. Ct. Civ. R. 12(b)(6). Dr. Trivedi attached an affidavit to the motion which averred in part that "[a]s of July 31, 2016, [he] was no longer a partner, employee, or professionally associated with Kent Diagnostic Radiology

---

[7] *Id.* at ¶ 25.
[8] *Id.*
[9] *Id.*
[10] *Id.* at ¶ 30.

4

Associates, P.A."[11] The Court then wrote to the attorneys asking for their positions as to whether Dr. Trivedi's reliance on the affidavit converted the Motion to Dismiss to a Motion for Summary Judgment. Both parties ultimately agreed that it did convert the motion to dismiss to a motion for summary judgment, but both parties stated that it ultimately did not matter whether the motion was treated as a motion to dismiss or a motion for summary judgment since the issue involved is ultimately a matter of statutory construction. The Court agrees that the motion before the Court is properly a Motion for Summary Judgment since a matter "outside the pleadings" has been presented.

## III. THE PARTIES' CONTENTIONS

### A. Dr. Trivedi's Contentions

Dr. Trivedi first contends that the Notice of Intent letter did not comply with §6856(4) because as of July 31, 2016, Dr. Trivedi no longer practiced medicine in Delaware or had any business association with Kent, and asserts that the Notice of Intent letter was thus not sent to his "regular place of business" at the time the letter was sent, as purportedly required by §6856(4).[12] Dr. Trivedi further claims that because the Plaintiffs eventually served Dr. Trivedi after the complaint was filed at his Florida office located at 1600 Lakeland Hills Blvd, Lakeland, Florida 33805, "…[thus acknowledged] that Dr. Trivedi no longer practices or is associated with Kent Diagnostic Radiology, P.A."[13]

Second, Dr. Trivedi claims that notice was improper because Kent, his former employer, received the Notice of Intent letter directed to Dr. Trivedi one day after the statute of limitations had expired.[14] The statute of limitations expired on October 23, 2016, two years after Dr. Trivedi interpreted the CT scan on October 23, 2014. However, Kent did not receive the Notice of Intent letter directed to Dr. Trivedi until October 24, 2016, one day after the statute of limitations expired "per the Return Receipt affixed to the Complaint."[15]

Finally, Dr. Trivedi asserts that Section 6856(4) should be strictly interpreted. Dr. Trivedi contends that if the statute is strictly interpreted, then "regular place of business" can only refer to the place of employment at the time

---

[11] Def.'s Aff. ¶ 1.
[12] Def.'s Mot. to Dismiss ¶ 8.
[13] *Id.*
[14] Def.'s Reply to Mot. to Dismiss ¶ 13.
[15] *Id.*

5

the Notice of Intent letter is sent. Dr. Trivedi further contends that the purpose of this notice statute is to give notice to the potential defendant of a potential claim.[16]

All other defendants have taken no position with respect to Dr. Trivedi's motion.

### B. The Plaintiffs' Contentions

First, Plaintiffs contend that the statute at issue in this case, 18 *Del. C.* §6856(4), is susceptible to different interpretations. The Plaintiffs ask the Court to interpret "regular place of business"[17] to mean a location at the time the alleged negligence occurred, as well as a location as of the date the notice was sent. As they state in their Response to Defendant's Motion to Dismiss:

> It is logical that a Notice of Intent Letter be sent to an individual defendant at the location where he or she practiced medicine at the time of the alleged negligence, as this would not only place the individual on notice but also the medical practice on notice. Furthermore, the practice would most likely know the whereabouts of the individual defendant following his or her departure and could notify the individual defendants of the intent to investigate a claim. Moreover, it would spare a plaintiff from having to embark on "a wild goose chase" in attempting to locate a defendant, who no longer practiced medicine with the medical practice with whom he or she was associated when the negligence occurred. In this case, the applicable statutory provision is reasonably susceptible to different conclusions or interpretations and plaintiffs should be found to have complied with the requirements of Section 6856(4) by sending the Notice of Intent Letter to Dr. Trivedi's regular place of business at the time of the negligence.[18]

Plaintiffs thus assert that notice was proper because §6856(4) does not explicitly state that the Notice of Intent letter must be sent to the defendant's regular place of business at the time of sending the letter.[19]

---

[16] Def.'s Mot. to Dismiss ¶ 11. (The Court herein refers to Defendant's motion as a Motion to Dismiss although, as explained above, the Court has treated the motion as a Motion for Summary Judgment. The Court agrees with the parties that the outcome of the motion is the same whether treated as a Motion for Summary Judgment or a Motion to Dismiss).

[17] 18 *Del. C.* §6856(4).

[18] Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 16-17.

[19] *Id.* at ¶ 12.

Second, Plaintiffs contend that they reasonably relied on information that was known to them at the time they sent the Notice of Intent letter. The Plaintiffs advised the Court at oral argument that they conducted "internet research" and found, among other information, a reference to Dr. Trivedi's business location on "healthgrades.com," which apparently indicated that he was still a Kent employee as of October 21, 2016.[20]

Third, while the Plaintiffs now concede that Dr. Trivedi was not employed by Kent when they sent the Notice of Intent letter, they maintain that Dr. Trivedi possibly was still, as of October 21, 2016, an "agent" of Kent, and thus Kent had a duty to either notify Dr. Trivedi that mail was received on his behalf, or to have forwarded mail to his location. Plaintiffs contend that Kent would have known Dr. Trivedi's then "regular place of business." Plaintiffs contend that they relied upon Kent's acceptance of the Notice of Intent letter.[21] Plaintiffs assert that they need additional discovery to determine whether there was some kind of agency or other possible legal relationship between Kent and Dr. Trivedi on October 21, 2016, that would have made the receipt of notice legally effective.[22]

## IV. STANDARD OF REVIEW

Rule 56 of the Rules of Civil Procedure of the Superior Court states, in part:

> **Rule 56. Summary Judgment.**
>
> b) For defending party. – A party against whom a claim, counterclaim, or cross claim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof…[23]

When considering a motion for summary judgment, the Court must examine the record to determine whether genuine issues of material fact remain. "If, after viewing the record in a light most favorable to the non-moving party, the Court finds that there are no genuine issues of material fact, and the party is entitled to

---

[20] Oral Argument Tr. 16 at 17-23.
[21] Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 4.
[22] *Id.* at ¶ 19.
[23] Del. Super. Ct. Civ. R. 56.

7

judgment as a matter of law, summary judgment will be granted."[24] However, where the record reflects that a material fact is in dispute, or judgment as a matter of law is not appropriate, the Court will not grant summary judgment.[25]

Here, neither party has asserted that there are any material facts in dispute. Dr. Trivedi's affidavit is not a "material fact in dispute" in the context of statutory construction because Plaintiffs do not argue that the two Delaware Kent addresses were in fact Dr. Trivedi's "regular place of business" as of July 31, 2016. This Court must determine whether notice was proper within the meaning of 18 *Del. C.* §6856(4) when the Plaintiffs sent a Notice of Intent Letter to Dr. Trivedi's business at the time the alleged negligence occurred in 2014.

## V. DISCUSSION

**Plaintiffs' Notice to Dr. Trivedi was not in compliance with 18 *Del. C.* §6856(4) since it was not sent to Dr. Trivedi's "regular place of business" as of October 21, 2016, the date the notice was sent to him by Plaintiffs.**

A medical negligence claim for personal injuries must be brought within two years after the injury allegedly occurred.[26] The alleged negligence occurred on October 23, 2014 when Dr. Trivedi supposedly misinterpreted Mr. Bokeno's CT scan. Therefore, the statute of limitations started on October 23, 2014 and expired two years later on October 23, 2016.

However, an injured party may potentially toll the statute of limitations for 90 days by sending a Notice of Intent letter to a potential defendant's "regular place of business."[27] Section 6856(4) provides:

> (4) A plaintiff may toll the above statutes of limitations
> for a period of time up to 90 days from the applicable
> limitations contained in this section by sending a Notice
> of Intent to investigate to each potential defendant or
> defendants by certified mail, return receipt requested, at
> the defendant's or defendants' regular place of business.
> The notice shall state the name of the potential defendant

---

[24] *Collins v. Ashland Inc.*, No. CIV.A. 06C-03-339BEN, 2011 WL 5042330, at *2 (Del. Super. Ct. Oct. 21, 2011).

[25] *Id.* (citing *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962)).

[26] 18 *Del. C.* §6856.

[27] 18 *Del. C.* §6856(4).

or defendants, the potential plaintiff and give a brief description of the issue being investigated by plaintiff's counsel. The 90 days shall run from the last day of the applicable statute of limitations contained in this section. The notice shall not be filed with the court. If suit is filed after the applicable statute of limitations in this section, but before the 90-day period in this section expires, a copy of the notice shall be attached to the complaint to prove compliance with the statute of limitations.[28]

The Plaintiffs in this case sent a Notice of Intent letter to toll the statute of limitations. The threshold issue is whether they sent the letter to the correct "regular place of business." Plaintiffs contend that §6856(4) can be interpreted in more than one way. They suggest that "regular place of business" refers also to the place of business at the time the alleged tort occurred. However, Dr. Trivedi contends that the statute should be strictly interpreted and the language of the statute is otherwise unambiguous in requiring notice logically to be given to the defendant's "regular place of business" as of the date of the notice.

The purpose of a Notice of Intent letter is to inform a potential defendant that there may be a claim, and to extend the statute of limitations period for 90 days. Sending a Notice of Intent letter to a place other than a defendant's place of business at the time of sending the letter does not fulfill the purpose of the statute because the defendant may not receive timely and actual notice. The only way a defendant can be properly served notice is if that defendant actually receives notice. The statute provides no burden on any co-defendant, such as Kent, to assist the Plaintiffs by providing the requisite notice to another co-defendant, such as Dr. Trivedi.

In addition to case law supporting the Court's decision to grant Dr. Trivedi's motion, principles of statutory construction support the Court's decision as well. The Harvard Law Review published "*The Rehnquist Court's Canons of Statutory Construction*" in 1994.[29] In its section on "Statute-Based Canons," it states that courts should "interpret ambiguous statutes so as best to carry out their statutory purposes." (citing Reves v. Ernst & Young, 494 U.S. 56, 60-61 (1990)).

---

[28] *Id.*

[29] William N. Eskridge, Jr., Philip P. Frickey, *The Rehnquist Court's Canons of Statutory Construction,* 108 Harv. L. Rev. 1, 9 (2005), http://www.ncsl.org/documents/lsss/2013PDS/Rehnquist_Court_Canons_citations.pdf.

Delaware courts approach statutory construction by first determining if there is ambiguity in the statute.[30] "If a statute is reasonably susceptible of different conclusions or interpretations, it is ambiguous."[31] "Ambiguity may also arise from the fact that giving a literal interpretation to words of the statute would lead to such unreasonable or absurd consequence" that could not have been the intent of the legislature.[32]

"If the statute is unambiguous, then there is no room for judicial interpretation and 'the plain meaning of the statutory language controls.'"[33] If there is ambiguity, then the court will examine the statute as a whole, reading "each section in light of all others to produce a harmonious whole."[34] The court will read the text and give language its reasonable and suitable meaning while avoiding "patent absurdity."[35] "It is a well established principle of statutory interpretation that the law favors rational and sensible construction."[36] Notably, Black's Law Dictionary defines "place of business" as a "location at which one *carries* on a business." PLACE OF BUSINESS, Black's Law Dictionary (10th ed. 2014) (emphasis added). The Court finds that §6856(4) is unambiguous. Even if the statute were to be deemed ambiguous on this point, it is not "reasonably susceptible of different conclusions or interpretations." Therefore, §6856(4) should be interpreted to best carry out its purpose, which is to provide actual notice.

Here, the Plaintiffs failed to provide Defendant Dr. Trivedi notice because they did not send the Notice of Intent letter to Dr. Trivedi's place of business at the time the Notice of Intent letter was sent.[37] Because the Notice of Intent letter was

---

[30] *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336, 342 (Del. 2012).

[31] *Washington v. Christiana Serv. Co.*, No. C.A. 90A-AP-9, 1990 WL 177645, at *6 (Del. Super. Ct. Oct. 12, 1990) (citing 2A Sutherland, *Statutes and Statutory Construction* § 45.02 (4th ed. 1984)).

[32] *Christiana Serv. Co.*, 1990 WL 177645, at *6 (citing *Trader v. Jester*, 40 Del. 66, 1 A.2d 609, 612 (Del. Super. Ct. 1938)).

[33] *Doroshow*, 36 A.3d at 342–43 (quoting *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999)).

[34] *Doroshow*, 36 A.3d at 343 (quoting *Taylor v. Diamond State Port Corp.*, 14 A.3d 536, 538 (Del. 2011)).

[35] *Moore v. Wilmington Hous. Auth.*, 619 A.2d 1166, 1173 (Del. 1993).

[36] *Stratton v. Am. Indep. Ins. Co.*, No. CIV.A. 08C-12-012JRS, 2010 WL 3706617, at *13 (Del. Super. Ct. Sept. 16, 2010) (quoting 2A Sutherland, *Statutes & Statutory Construction,* § 45:12 (7th Ed.2008)) (internal brackets and quotation marks omitted).

[37] While the Court need not reach the issue of whether the statute of limitations had expired as of the receipt of the notice, it notes that Plaintiffs did not send the letter in time so that it was

not sent to Dr. Trivedi's "regular place of business" at the time the letter was sent notice was improper.

## VI. CONCLUSION

Because the Notice of Intent letter was not sent to Dr. Trivedi's "regular place of business" at the time the letter was sent, pursuant to 18 *Del. C.* §6856(4), notice was improper. Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary

---

received before the statute of limitations expired. *See Farmer v. Brosch*, 8 A.3d 1139 (Del. 2010). *Farmer v. Brosch* was a medical negligence case in which the Delaware Supreme Court discussed whether §6856(4) must be strictly interpreted for purposes of tolling the statute of limitations for 90 days. The Delaware Supreme Court held that the statute must be strictly interpreted. The Court notably stated "…the General Assembly made clear its intent that defendants receive notice of extended limitations periods by a particular method *before* the original two year limitations period has expired." (Emphasis added). *Farmer*, 8 A.3d at 1142. In this case, Dr. Trivedi's letter was received at Kent's address one day after the statute of limitations had expired. Therefore, Plaintiffs' contention that they sent the letter in time is irrelevant, as the letter must be received in time. *See Leatherbury v. Greenspun*, 939 A.2d 1284, 1292 (Del.2007) (holding that proper notice in accordance with §6856(4) must be provided before the statute of limitations expires).

11