**Joyce B. GOTT, Widow of Joseph Gott, Deceased**

v.

**NEWARK MOTORS, INC., a Delaware Corporation Trading as Newark Rambler.**

Superior Court of Delaware,
New Castle.

June 2, 1970.

C. Waggaman Berl, Jr., Wilmington, for plaintiff.

Warren B. Burt, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

## OPINION

CHRISTIE, Judge.

This is a wrongful death action brought by the widow of the deceased.

The deceased died as a result of an automobile accident on the Delaware Memorial Bridge. An automobile operated by deceased hit the rear-end of a truck which was proceeding in the same direction on the bridge. The accident occurred at 2:20 A.M. as deceased was returning with some companions to Delaware from a late visit to a nightclub in New Jersey where he and his friends had consumed alcoholic beverages.

Plaintiff contends that the cause of the accident was faulty brakes on the car which had been recently purchased from defendant by the deceased.

The evidence indicated that the automobile which the deceased was operating at the time of the fatal accident had been purchased a few hours before from the defendant, a dealer selling second hand automobiles. The plaintiff, his widow, testified that she was with the deceased when he had tested the car before purchase and that the deceased had insisted that the defective brakes be corrected before he would buy the car. The widow further testified that the car was later delivered and that defendant's salesman indicated that the brakes had been repaired. Defendant's salesman has left his employment with defendant and is no longer in the jurisdiction. He was not available to testify. Other personnel of defendant testified that after the car had been driven by deceased and before it was sold to him, certain minor repairs were made to the car at the salesman's request but that no repairs had been requested by the salesman as to the brakes. An inspection of the brake linings after the accident revealed that the linings were very badly worn and in one case a part of the lining was worn off.

There was conflicting testimony as to how much effect, if any, the worn condition of the brake linings could have had on the effectiveness of the brakes at the time of the accident. There were skid marks of 25 feet at the scene of the accident indicating an effective application of the brakes immediately before the impact and a probable locking of the wheels for that distance.

The widow's suit had been brought against the defendant car dealer on the following legal theories:

1) Breach of warranty.

2) Negligence.

3) Fraud and deceit.

On motion of defendant those counts of the complaint based on implied warranty and on alleged fraud and deceit were dismissed before the case was presented to the jury.

After the Court had dismissed the implied warranty and fraud and deceit counts, plaintiff sought to amend his complaint to allege "wilful and wanton" conduct on the part of the defendant automobile dealer. Defendant opposed the amendment contending that such new claim was asserted too late and also on the basis that such claim may not be brought under the wrongful death statute. The Court denied the motion to amend.

The rulings of the Court were based on the wording of the Delaware Wrongful Death Statute which reads as follows:

"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned." Title 10 Del.C. § 3704(b).

The case was submitted to the jury for a general verdict based on issues which may be simplified and summarized as follows:

1) Did defendant act negligently by delivering an automobile to deceased which had defective brakes?

2) If defendant was negligent in the manner specified, were defective brakes the proximate cause of the accident and death?

3) Was the deceased contributorily negligent?

The verdict was for defendant. Because no special interrogatories were used in connection with the verdict it is impossible to ascertain which of the above issues were resolved against plaintiff.

■ Plaintiff contends that the rulings made by the Court as to implied warranty, fraud and deceit and wilful and wanton conduct were in error. The ruling on wilful and wanton conduct was particularly significant since contributory negligence on the part of the deceased would not have been a defense to liability based on such conduct.

There was some evidence in the record which viewed most favorably from plaintiff's side would tend to support the allegations contained in the counts which were stricken and in the amendment which was disallowed. A fair analysis of the evidence would indicate probable contributory negligence on the part of the deceased.

■ I continue to be of the opinion that it was not error to dismiss the counts of the complaint based upon implied warranty and those based on alleged fraud and deceit.

Under the wording of the Delaware Wrongful Death Statute only "negligence" or "unlawful violence" are actionable. One of the dismissed counts alleged a tort but neither alleged negligence or unlawful violence.

In neighboring jurisdictions, where an identical statute has been construed, the same interpretation of the statutory language has been made. See DiBelardino v. Lemmon Pharmacal Co., 416 Pa. 580, 208 A.2d 283 (Supr.1965); Post v. Manitowoc, 88 N.J.Super. 199, 211 A.2d 386 (Super. 1965).

It is a function of the legislature, not the Courts, to include or exclude causes of action under the wrongful death act. In at least one jurisdiction the state legislature recognized this and amended its wrongful death statute so as to include actions *ex contractu* as well as *ex delicto*. Florida Statutes Annotated, Sec. 768.01. This amendment followed a case in which liability for death based upon breach of an implied warranty of fitness was denied. Whiteley v. Webb's (Fla.), 55 So.2d 730

(Supr.1951); Moragne v. State Marine Lines, Inc. (Fla.), 211 So.2d 161 (Supr. 1968).

I hold that an action for wrongful death based upon breach of implied warranty or fraud and deceit is not such action as is embraced within the terms "negligence" or "unlawful violence" as used in 10 Del.C. § 3704(b).

The next issue for determination is whether or not the Court erred in denying plaintiff's motion to amend the complaint so as to allege as a basis of liability wilful and wanton conduct on the part of the defendant. Two specific questions are here raised:

1. Did plaintiff's motion come too late?

2. If not, is a claim of wilful and wanton conduct actionable under the wrongful death statute?

■ I am of the opinion upon reconsideration of the issue that plaintiff's motion to amend did not come too late. It is the policy in this jurisdiction to be liberal in permitting amendments to pleadings at all stages of the proceedings unless the opposing party would be seriously prejudiced thereby. Civil Rule 15, Del.C.Ann.; E. K. Geyser Co. v. Blue Rock Shopping Center, Inc., 229 A.2d 499 (Del.Super.1967); Itek Corp. v. Chicago Aerial Industries, 257 A. 2d 232 (Del.Super.1969). I am unable to see in the instant case how the timing of the amendment could seriously prejudice the defendant. In fact the amendment of the complaint was only sought after defendant had prevailed on a last minute motion which eliminated two of plaintiff's other contentions

It seems to me that the amendment, if permitted, would not have required additional discovery, presentation of new testimony or the calling of additional witnesses. If some sort of prejudice had been called to the Court's attention, it is probable that a delay in the trial proceedings of a few

hours would have given defendant time to overcome the prejudice.

As to the second question raised, the Court has determined, upon reflection, that it was error to exclude as not permitted under the wrongful death act an amendment to the complaint which would have added an allegation of wilful and wanton conduct. The Court has had a chance to consider the matter and I am now of the opinion that wilful and wanton conduct causing death is included within the terms "unlawful violence" or "negligence" as used in the wrongful death statute.

The Court recognizes that ordinary negligence and wilful or wanton conduct have been differentiated in cases construing the Delaware Guest Statute in that the former connotes inadvertence and the latter recklessness or constructive intent. Gallegher v. Davis, 7 W.W.Harr. 380, 37 Del. 380, 183 A. 620 (Super.1936). The fine distinctions made between ordinary negligence and wilful or wanton conduct may be important in the cases construing the guest statute. Such distinctions find no application in the judicial construction of the wrongful death act which does not delineate a particular degree of care upon which liability must be premised.

However, guest statute cases do provide procedural precedent for permitting allegations of wilful and wanton conduct to form a basis for liability under the Delaware Wrongful Death Statute. From time to time suits have been brought against a host driver on account of the death of a guest passenger who had not paid for the ride. Under the Delaware Guest Statute such suits may be maintained only if the "accident was intentional—or was caused by his [defendant's] wilful and wanton disregard of the rights of others". 21 Del.C. § 6101. See for example Stevenson v. Isaacs, 126 F.Supp. 411 (D.Del.1955); Reynolds v. Willis, 209 A.2d 760 (Supr.1965).

In other areas of the law the degree of care required under varying circumstances is different according to the circumstances presented, although negligence may be the common cause of action. For example, the distinction made between the duty of care required of property owners toward trespassers, licensees and invitees. See Villani v. Wilmington Housing Authority, 9 Terry 450, 106 A.2d 211 (1954); Maher v. Voss, 7 Terry 418, 84 A.2d 527 (1951). On the other hand, these distinctions are not significant here.

There has been much comment upon the futility of recognizing degrees of negligence, such as "slight", "ordinary" or "gross negligence" and in many cases it served no useful purpose, but instead leads to confusion and uncertainty. 65 C.J.S. Negligence § 8(1).

I am of the opinion that the terms "negligence" and "unlawful violence" as used in the wrongful death statute are sufficiently broad to cover wilful and wanton conduct and this is so whether wilful and wanton conduct be considered an extreme form of negligence or a separate species of conduct. It is unlikely that the legislature intended to exclude a remedy where the tortfeasor's conduct went so far as to be grossly reprehensible, careless or wanton and provide a remedy only where the conduct was inadvertent or slightly careless.

I conclude that the well recognized distinctions between various kinds of conduct form no basis for excluding wilful and wanton conduct from the scope of the terms "unlawful violence" or "negligence" as they are used in the wrongful death statute. I hold that wilful or wanton conduct is a form of conduct which may be the basis of liability under the wrongful death statute.

An amendment to the complaint alleging wilful or wanton misconduct on the part of defendant will be permitted.

The motion for a new trial is granted.

It is so ordered.