ATLANTIS PLASTICS
CORPORATION, Plaintiffs,

v.

Daniel SAMMONS, Joan Carey, Frank-
lin Wyatt, Robert Starkey and
Atlantis Industries, Inc., Defendants.

Civ. A. No. 930.

Court of Chancery of Delaware,
Kent County.

Submitted: Aug. 8, 1988.
Decided: Jan. 3, 1989.

On plaintiff's motion to amend the complaint: denied.

Patrick Scanlon, Barros, McNamara & Scanlon, Dover, for plaintiffs.

Eric Howard, Morris, Nichols, Arsht & Tunnell, Georgetown, for individual defendants.

Peter J. Walsh, Bayard, Handelman & Murdoch, Wilmington, for defendant Corp.

HARTNETT, Vice-Chancellor.

Pursuant to Chancery Rule 15, the plaintiff Atlantis Plastics Corporation ("Atlantis Plastics") moved to amend its complaint by adding its present sole stockholder, Aida Eisele, as a plaintiff and by asserting a new claim against the individual defendants. In the new claim it is asserted that the individual defendants fraudulently participated in a scheme devised by Aida's ex-husband, Alfred O. Eisele, a nonparty to this action, to defraud Aida. The question presented is whether the proposed amendment is barred because of the failure to timely assert it.

I find that under all the facts and circumstances plaintiff's motion to amend must be denied because it is barred, as a matter of law, by laches, the equitable defense of failing to timely assert a claim.

I also find that, even if the newly asserted claim was not time barred, it fails to state a claim upon which relief may be granted against two of the individual defendants.

I

Over two years ago, on October 24, 1986, plaintiff Atlantis Plastics Corporation, filed this action against Atlantis Industries, Inc. and the Individual Defendants, Daniel Sammons, Joan Carey, Franklin Wyatt and Robert Starkey, former officers or directors of Atlantis Plastics. In the original complaint the only plaintiff, Atlantis Plastics Corporation, alleged that the Individual Defendants had breached their fiduciary duties to it by allowing the transfer of valuable assets from it to two newly formed corporations, Atlantis Industries, Inc. and Plastic Specialties, Inc., and to Alfred Eisele (the former president and former majority stockholder of plaintiff). Atlantis Plastics now seeks to amend its complaint to assert that these conveyances were part of a conspiracy to divest Atlantis Plastics of its assets because of the existence of claims by Aida Eisele against Alfred Eisele, the then majority stockholder of Atlantis Plastics. No such allegations were made in the original complaint, however. A more complete statement of the background facts is contained in my March 30, 1988 opinion contingently granting the Individual Defendants' Motion For Summary Judgment. *Atlantis Plastics Corp. v. Daniel Sammons, et al.*, Del.Ch., C.A. No. 930, Hartnett, V.C., 1988 WL 32371 (March 30, 1988).

That opinion addressed the Individual Defendants' Motion For Summary Judgment based on their assertion that because the only plaintiff was Atlantis Plastics Corporation, it lacked standing to assert claims for alleged breaches of fiduciary duty against it by its former directors and officers. In accord with *Bangor Punta Operations, Inc. v. Bangor & Aroostock Railroad Co.*, 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974), I granted the Individual Defendants' motion. I noted, however, that the claims against Alfred Eisele, if true, might constitute a fraud upon Aida Eisele and, therefore, she might have a valid claim against him and all those who acted in concert with him. See *Atlantis Plastics Corp. v. Daniel Sammons, et al.*, supra., at 10. Plaintiff, therefore, was given 30 days to seek to amend the complaint, which it did.

II

Generally, a Court, in the exercise of its discretion, liberally grants leave to amend pleadings. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Gott v. Newark Motors, Inc.*, Del.Supr., 267 A.2d 596 (1970); *Kurtz v. Papastavros et al.*,

Del.Ch., C.A. No. 9001, Hartnett, V.C., 1988 WL 47320 (May 9, 1988).

However, serious prejudice to one opposing the motion is a reasonable limitation on that liberality. *Kurtz v. Papastavros, et al.*, supra; *Laird v. VanHeest*, Del.Ch., C. A. No. 9323, Hartnett, V.C., 1987 WL 10525 (April 29, 1987); *Bowl–Mor Co., Inc. v. Brunswick Corp.*, Del.Ch., 297 A.2d 61 (1972), *appeal dismissed*, Del.Supr., 297 A.2d 67 (1972).

Amendments are also not permitted if the new claim would be barred by the passage of time unless it relates back to the time of the filing of the initial complaint. See *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301 (D.C.Cir.1982); 3 MOORE'S *Federal Practice* Paragraph 15.-15.

### III

■ A statute of limitations period at law does not automatically bar an action in equity because actions in equity are time-barred only by the equitable doctrine of laches. An analogous statute of limitations period applicable at law, however, is to be given great weight in determining whether a suit is to be time-barred in equity by laches and will be applied in the absence of unusual or mitigating circumstances. *Adams v. Jankouskas*, Del.Ch., 452 A.2d 148 (1982); *Vrendenburgh v. Jones*, Del.Ch., 349 A.2d 22 (1975); *Elster v. American Airlines, Inc.*, Del.Ch., 128 A.2d 801; *Bay Newfoundland Co. v. Wilson & Co.*, Del.Ch., 4 A.2d 668 (1939). A claim brought in this Court which seeks money damages, which is generally an action at law, will therefore generally be subject to the three-year limitations period of 10 *Del.C.* § 8106, *Bokat v. Getty Oil Co.*, Del.Supr., 262 A.2d 246 (1970), as will a claim for civil conspiracy, *Glassberg v. Boyd*, Del.Ch., 116 A.2d 711 (1955). In the absence of unusual or mitigating circumstances, therefore, where the analogous statute of limitations at law period has run, a plaintiff will be barred from bringing suit without the necessity for the Court to engage in traditional laches analysis. See *Halpern v. Barran*, Del.Ch., 313 A.2d 139

(1973); *Artesian Water Co., v. Lynch*, Del. Ch., 283 A.2d 690 (1971).

There is a limited exception to this general rule where a stockholder derivative suit is brought alleging that a corporate officer or director has breached a fiduciary duty to the corporation by engaging in fraudulent self-dealing. *Bovay v. H.M. Byllesby & Co.*, Del.Ch., 38 A.2d 808 (1944). However, plaintiff has not alleged a stockholder derivative claim and I previously held in my March 30, 1988 Opinion that Atlantis Plastics cannot maintain an action for breach of fiduciary duty against the individual defendants.

■ The proposed amended complaint merely asserts an individual claim by Aida Eisele in which she seeks money damages on a civil conspiracy theory. Unless, therefore, there are special or unusual circumstances justifying the non-application of the analogous legal statute of limitations, the three-year limitations period of 10 *Del. C.* § 8106 began to run when Aida knew of, or had reason to know of, the facts constituting the cause of action she seeks to assert. *Halpern v. Barron*, supra.

The undisputed facts show that Alfred Eisele transferred all of the stock of Atlantis Plastics to Aida sometime during April of 1984 and that the alleged fraudulent transactions occurred prior to this change in control. Over four years elapsed, therefore, between the date Aida took control of Atlantis Plastics and May 3, 1988, the day she sought to assert a conspiracy claim by seeking to amend the complaint. As there is no allegation of fraudulent concealment, it must be assumed that even if Aida did not have actual knowledge of the alleged conspiracy prior to April of 1984, by reasonable diligence she should have uncovered the alleged scheme soon afterwards. Under these undisputed facts I find that Aida's four-year delay in bringing an action against the Individual Defendants for conspiracy arising out of Alfred's alleged fraud will be barred by the analogous statute of limitations at law, 10 *Del.C.* § 8106, unless the allegations in the proposed new Count IV relate back to the date of the filing of the original complaint.

## IV

A new cause of action by an existing plaintiff may be added by amendment to a complaint, and relate back to the original filing date of the action where the new claim arises out of the same general conduct, transaction or occurrence underlying the original claims. The determinative factor is whether a defendant should have had notice from the original pleadings that the plaintiff's new claim might be asserted against him. WRIGHT & MILLER, *Federal Practice and Procedure:* Civil § 1497.

Likewise, a new plaintiff may be added to an existing action. WRIGHT & MILLER, supra, Civil § 1501. An amendment, however, which seeks to add a new plaintiff who asserts an entirely new claim will not ordinarily relate back to the original filing. See WRIGHT & MILLER, supra, Civil § 1501; see also *Leachman v. Beech Aircraft Corp.,* 694 F.2d 1301 (D.C.Cir. 1982); *Summit Office Park, Inc. v. United States Steel Corp.,* 639 F.2d 1278 (5th Cir. 1981).

█ This harsh rule has been ameliorated to a certain extent by the willingness of some courts to allow the addition of a new plaintiff who has a sufficient identity of interest with the original plaintiff, even if the lapse of time would otherwise prevent the amendment. See *Raynor Brothers v. American Cyanamid Co.,* 695 F.2d 382 (9th Cir.1982); *Besig v. Dolphin Boating and Swimming Club,* 683 F.2d 1271 (9th Cir.1982); *Williams v. United States,* 405 F.2d 234 (5th Cir.1968). However, mere identity of interest between the original and the newly added plaintiff will not support an amendment relating back to the date of the original filing in the absence of pre-existing notice that the claim sought to be newly alleged existed, and had, in effect, already been asserted by the party belatedly brought in. *Williams v. United States,* supra; *Leachman v. Beech Aircraft Corp.,* supra; *Andujar v. Rogowski,* 113 F.R.D. 151, 155–56 (S.D.N.Y.1986).

The Court held in *Williams,* supra, that when a new plaintiff with a new claim is sought to be added after the claim was barred by the statute of limitations, some-thing more is needed than mere notice to the defendant of the conduct or occurrence that gave rise to the claim. In other words, in the absence of specific allegations in the original complaint asserting the claim belatedly sought to be asserted, the Defendant must have earlier received some type of "informal" notice of the existence of the new party and the new party's claim. See *Andujar v. Rogowski,* supra.

In *Leachman,* supra, the wife of a deceased pilot brought a products liability action against an aircraft manufacturer for the death of her husband after his plane crashed on takeoff. After the time provided by the statute of limitations had passed, the wife, who was the sole stockholder of the corporation that owned the plane, sought to add a claim for the value of the aircraft on behalf of the corporation. While the Court recognized the identity of interest between the corporation and the plaintiff, it denied the relation back of the amendment because the Court found that there was no showing that the defendant had actual notice of, or reason to know of, the involvement of the corporation.

█ The present case is analogous to *Leachman.* The original complaint fails to mention Aida Eisele or in any other way indicate her involvement in this action. The original complaint merely alleged breaches by the Individual Defendants of their fiduciary duty to Atlantis Plastics at a time when Aida was not even a shareholder. Although Aida had become the sole stockholder of Atlantis Plastics prior to the institution of this suit, identity of interest based on sole shareholder status alone will not support a relation back. *Leachman,* supra. Unfortunately for Aida, there is no allegation in the original complaint which could have put the Individual Defendants on notice that she had a legal claim for fraud. See *Williams,* supra, at 238. The first reference to Aida in the record in this case occurred in Plaintiff's Answering Brief in Opposition to Defendant's Motion for Summary Judgment, filed on December 24, 1987. That brief was submitted to the Court over fourteen months after the filing of the original complaint and over 3½ years

from the time Aida assumed control of Atlantis Plastics.

I find, therefore, that plaintiffs' motion to amend must be denied as the amended claim cannot relate back to the date of the filing of the original complaint and, therefore, it is time barred.

## V

Even if plaintiff's amended claim was not time barred by laches, the amended complaint also fails to state a claim upon which relief may be granted against at least two of the four Individual Defendants.

██ Plaintiff's amended claim is based on a conspiracy theory. A claim of conspiracy to defraud, however, must be pled with particularity. Chancery Rule 9(b). See *Kravetz v. Brukenfeld,* 591 F.Supp. 1383 (S.D.N.Y.1984); *McCarty v. Hemker,* 4 S.W.2d 1088 (Mo.Ct.App.1928). A complaint alleging conspiracy must allege facts which, if true, show the formation and operation of a conspiracy, the wrongful act or acts done pursuant thereto, and the damage resulting from such acts. Facts, not legal conclusions, must be pled, including facts showing damages. *Chicago Title Insurance Co. v. Great Western Financial Corp.,* 69 Cal.2d 305, 70 Cal.Rptr. 849, 444 P.2d 481 (1968); 16 AM.JUR.2d, *Conspiracy* Section 67 (1979).

Count IV of the amended complaint is, however, entirely devoid of any factual allegations regarding the supposed role of defendants Daniel Sammons and Robert Starkey in the alleged conspiracy. Therefore, even if Aida's claim of conspiracy to defraud could relate back to the date of the filing of the original complaint, I would have to dismiss the complaint as to defendants Daniel Sammons and Robert Starkey because of the failure of plaintiffs to plead the fraud with particularity.

## VI

I, therefore, find that plaintiff's motion to amend the complaint must be denied and my March 30, 1988 opinion granting the Individual Defendants' motion for summa-

ry judgment becomes final. IT IS SO ORDERED.