# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRENDA GALATE, Individually, and as Personal Representative of THE ESTATE OF FRANCIS GALATE, NICOLE SHOFER, and DANIELLE GALATE,

        Plaintiffs,

        v.

BEEBE MEDICAL CENTER, INC.

        Defendant/Third-Party Plaintiff,

        v.

ERIC V. STANCOFSKI, M.D.; CAPE SURGICAL ASSOCIATES, P.A.; MICHAEL S. RAMJATTANSINGH, M.D. and SOUTHERN DELAWARE IMAGING ASSOCIATES, L.L.C.,

        Third-Party Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

C.A. No. N19C-09-126 MAA

Submitted:  February 28, 2022
Decided:  May 25, 2022

Plaintiffs' Second Motion to Amend the Complaint:
**Denied.**

Defendant Beebe Medical Center, Inc.'s Motion for Partial Summary Judgment on Vicarious Liability For Actions of the Radiologist:
**Denied as Moot**.

Defendant Beebe Medical Center, Inc.'s Motion for Partial Summary Judgment on Vicarious Liability for Conduct of General Surgeon:
**Denied.**

Defendant Beebe Medical Center, Inc.'s Motion for Summary Judgment Based Upon the Statute of Limitations for Medical Care and Treatment Occurring on or Before July 3, 2017:
**Denied.**

## MEMORANDUM OPINION

Timothy E. Lengkeek, Esquire (Argued), of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware, Attorney for Plaintiffs.

Bradley J. Goewert, Esquire and Lorenza A. Wolhar, Esquire (Argued), of MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, Wilmington, Delaware, Attorneys for Defendant Beebe Medical Center, Inc.

Lauren C. McConnell, Esquire and Gregory S. McKee, Esquire, of WHARTON LEVIN EHRMANTRAUT & KLEIN, P.A., Wilmington, Delaware, Attorneys for Third-Party Defendants, Eric V. Stancofski, M.D. and Cape Surgical Associates, P.A.

Stephen J. Milewski, Esquire and Roopa Sabesan, Esquire, of WHITE and WILLIAMS LLP, Wilmington, Delaware, Attorneys for Third-Party Defendants Michael Ramjattansingh, M.D., and Southern Delaware Imaging Associates, LLC.

**Adams, J.**

## I.    Introduction

Plaintiffs Brenda Galate ("Ms. Galate"), Nicole Shofer, and Danielle Galate (collectively, "Plaintiffs") brought a medical negligence action against Beebe Medical Center, Inc. ("Beebe") for the wrongful death of Francis Galate ("Mr. Galate"). Before the Court is Plaintiffs' Second Motion to Amend the Complaint and Beebe's three motions for summary judgment. For the reasons that follow, Plaintiffs' Second Motion to Amend the Complaint is DENIED, Beebe's Motion for Partial Summary Judgment on Vicarious Liability for Conduct of Radiologist is DENIED AS MOOT, Beebe's Motion for Partial Summary Judgment on Vicarious Liability for Conduct of General Surgeon is DENIED, and Beebe's Motion for Summary Judgment Based Upon the Statute of Limitations for Medical Care and Treatment Occurring on or Before July 3, 2017 is DENIED.

## II.    Background

### A. Statement of Facts

On June 9, 2017, Mr. Galate was admitted to Beebe due to pain in his right groin. According to Plaintiffs' Second Motion to Amend the Complaint, a radiologist performed a CT scan on Mr. Galate that same day.[1] On June 15, 2017, a urologist performed surgery on Mr. Galate for removal of a penile prosthesis.

---

[1]    Notably, this fact is absent from Plaintiffs' Complaint and First Amended Complaint.

During surgery, Mr. Galate "suffered an undiagnosed injury to his colon."[2]  On September 7, 2017, a general surgeon operated on Mr. Galate's colon.  Mr. Galate continued to receive medical care from Beebe until he died on November 12, 2017.

On July 3, 2019, Plaintiffs sent Beebe a "notice of intent" ("NOI") to investigate medical negligence claims pursuant to 18 *Del. C.* § 6856(4) for Mr. Galate's death, tolling the statute of limitations for up to ninety days.[3]

## B. Procedural History

On September 13, 2019, Plaintiffs filed a medical negligence action for the wrongful death of Mr. Galate.[4]  Plaintiffs allege "a continuing course of interrelated and inseparable medical treatment up to and including November 12, 2017."[5]

On April 13, 2021, Plaintiffs moved to amend the Complaint to add that Beebe's continuous medical negligence included an allegedly negligent surgery on September 7, 2017.  The Court granted Plaintiffs' motion on September 22, 2021, and Plaintiffs filed an Amended Complaint ("First Amended Complaint") that same day.  In granting Plaintiffs' motion, the Court preserved the issues of Superior Court Civil Rule 9(b), Superior Court Civil Rule 15(c), statute of limitations, and whether an additional Affidavit of Merit was required.

---

[2]     Pls.' First Amended Compl. ¶ 9.
[3]     *See* Dkt. 54.
[4]     *See* Dkt. 1.
[5]     Pls.' Compl. ¶ 6; Pls.' First Amended Compl. ¶ 6.

On January 5, 2022, Beebe filed a third-party Complaint against the September 7, 2017 surgeon, Dr. Eric Stancofski, and his employer, Cape Surgical Associates, P.A., as well as the June 9, 2017 radiologist, Dr. Michael S. Ramjattansingh, and his employer, Southern Delaware Imaging Associates, LLC. In the third-party Complaint, Beebe asserts that the surgeon and radiologist were not Beebe's agents or employees. Beebe alternatively claims that, in the event of a finding of vicarious liability, Beebe is entitled to indemnification.

Discovery closed on January 15, 2022.[6] On January 17, 2022, Beebe filed a motion for partial summary judgment on vicarious liability for the conduct of the radiologist. In Beebe's motion, Beebe claims that summary judgment should be granted "as to any claimed negligence of the radiologist based on a statute of limitations that had expired. . . ."[7] On January 18, 2022, Beebe filed a similar partial summary judgment motion for the conduct of the general surgeon and a motion for summary judgment for conduct occurring before July 3, 2017 based on the statute of limitations.

On January 26, 2022, Plaintiffs filed their Second Motion to Amend the Complaint to add allegations that on June 9, 2017, the radiologist negligently interpreted a CT scan.

---

[6] *See* Dkt. 63.
[7] Dkt. 76 at ¶ 1.

## III. Standard of Review

### A. Motion to Amend

Motions to amend are governed by Superior Court Civil Rule 15.[8] The rule provides that leave to amend shall be "given freely when justice so requires."[9] Absent prejudice to the nonmovant, a court is required to exercise discretion in favor of granting a motion to amend.[10] Denial is warranted where there is undue delay, bad faith, or dilatory motive by the movant.[11] Delay alone is not a sufficient basis to deny a motion to amend a pleading. Inexcusable delay, however, coupled with repeated attempts at amendment, improper motive, or undue prejudice may justify denial.[12] Justice may not require leave to amend if the party seeking to amend has been inexcusably careless, or if the amendment would unfairly prejudice the

---

[8] "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the Court otherwise orders." Super. Ct. Civ. R. 15(a).

[9] *Id.*

[10] *See Cook v. J & V Trucking Co., Inc.*, 2020 WL 5846630, at \*2 (Del. Super. Sept. 30, 2020).

[11] *Hess v. Carmine*, 396 A.2d 173, 177 (Del. Super. 1978).

[12] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993).

opposing party.[13]  Whether such an amendment relates back to the original pleading is outlined in Superior Court Civil Rule 15(c).[14]

## B. Summary Judgment

Pursuant to Superior Court Civil Rule 56, a court should grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[15]  In considering a motion for summary judgment, a court must review the record, all pleadings, affidavits, and discovery and view the evidence in the light most favorable to the non-moving party.[16]  The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact.[17]  If the moving party meets this burden, the burden shifts to the non-moving party to produce some evidence showing a dispute of material fact.[18]  If there is a dispute as to a material fact, the motion must be denied.[19]

---

[13]     *Hess*, 396 A.2d at 176 (citing *Annone v. Kawasaki Motor Corp.*, 316 A.2d 209 (Del. 1974).

[14]     Superior Court Civil Rule 15(c) states, in relevant part, that "[a]n amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," Super. Ct. Rule 15(c)(1)-(2).

[15]     Super. Ct. Civ. R. 56(c).

[16]     *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1050 (Del. Super. Mar. 23, 2021).

[17]     *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

[18]     *Id.*

[19]     *Vanaman v. Milford Mem'l Hosp., Inc.*, 272 A.2d 718, 720 (Del. 1970).

7

## IV.  Discussion

### A. Plaintiffs' Second Motion to Amend Complaint is Denied

Plaintiffs, "[o]ut of an abundance of caution," filed their Second Motion to Amend the Complaint, adding that on June 9, 2017, the radiologist negligently interpreted the CT scan.[20]  Beebe opposes the motion, arguing that Beebe had no notice that the CT scan was at issue.  Beebe further argues that, even if the Court grants the Second Motion to Amend the Complaint, the statute of limitations bars the CT scan because it does not relate back to the original Complaint.

For reasons of undue delay and unfair prejudice, Plaintiffs' Second Motion to Amend the Complaint is denied.  Plaintiffs' second attempt to amend the Complaint comes almost two-and-a-half years after filing the original Complaint and roughly four-and-a-half years after the events occurred.  Plaintiffs provide no reason why they did not include allegations regarding the CT scan in the initial Complaint.  Plaintiffs do not allege that this information was concealed nor inherently unknowable.

In fact, the record indicates that Plaintiffs were aware of the radiologist and CT scan as early as March 16, 2021.[21]  Notably, Plaintiffs filed their first Motion to

---

[20]    Pls.' Second Mot. to Amend Compl. ¶ 4.

[21]    On March 16, 2021, Plaintiffs filed expert disclosures identifying a radiologist who opined that on June 9, 2017, Beebe, by and through its agents, negligently interpreted a CT scan. *See* Pls.' Second Mot. to Amend Compl. Ex. C.

Amend, "[o]ut of an abundance of caution,"[22] on April 13, 2021, *well after* Plaintiffs were aware of the radiologist and CT scan.[23] Plaintiffs do not explain why this information was not in Plaintiffs' first Motion to Amend the Complaint. Though delay alone is not a sufficient basis to deny amendment, inexcusable delay and carelessness coupled with repeated attempts at amendment and undue prejudice is.[24]

In *McKown v. Martin*,[25] the court found amendment appropriate where the amendment did not substantially change the issues but clarified the date upon which the negligent acts occurred, discovery had not begun, there was no inexcusable neglect or prejudice to defendants, and defendants were admittedly on notice of the allegations.[26] Here, rather than merely clarifying a date, Plaintiffs' second amendment to the Complaint adds an entirely new event and actor. Discovery in this action closed prior to Plaintiffs filing their Second Motion to Amend the Complaint. As aforementioned, there is evidence of inexcusable neglect in not including the allegations regarding the radiologist in Plaintiffs' First Amended Complaint. Lastly, there is no mention in Plaintiffs' pleadings of a radiologist, a CT scan, or negligent conduct occurring on June 9, 2017 that would put Beebe on notice. Thus, unlike the circumstances in *McKown*, amendment is not appropriate here.

---

[22]  Pls.' First Mot. To Amend Compl. ¶ 3.
[23]  *See* Pls.' Second Mot. to Amend Compl. Ex. C.
[24]  *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993).
[25]  1996 WL 659468 (Del. Super. Sept. 26, 1996).
[26]  *Id.* at *2.

The law governing the amendment of pleadings may be lenient, but it is not boundless. This is Plaintiffs' second attempt to amend their Complaint, after the close of discovery and almost two-and-a-half years after commencing litigation. Neither Plaintiffs' original Complaint nor First Amended Complaint reference a radiologist, a CT scan, or negligent conduct on June 9, 2017. There is nothing in Plaintiffs' NOI that would have caused Beebe to suspect that Plaintiffs were even investigating the radiologist, as the radiologist is not listed in the NOI. Given the significant lapse in time since the CT scan occurred and this action commenced, the lack of timely notice, and the close of discovery, it would be unduly prejudicial to grant Plaintiffs' second amendment adding the CT scan and radiologist at this late stage.[27] Thus, Plaintiffs' Second Motion to Amend is denied.

In the alternative, the statute of limitations bars Plaintiffs' Second Motion to Amend because the amendment does not relate back under Superior Court Civil Rule 15(c). An amendment relates back to the date of the original pleading when the claim asserted in the amendment arises out of the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[28] "The

---

[27] On March 1, 2022, the Court continued trial because of the pending motions. Plaintiffs, however, filed their second motion to amend the complaint on January 26, 2022, after discovery was closed and before the Court continued trial. The Court will not reward Plaintiffs and their untimely motion solely on a scheduling technicality.

[28] Super. Ct. Civ. R. 15(c)(2).

determinative factor is whether a defendant should have had notice from the original pleadings that the plaintiff's new claim might be asserted against him."[29]

The additional claim in Plaintiffs' Second Motion to Amend the Complaint does not arise out of the same conduct or occurrence set forth in the First Amended Complaint. The CT scan is a separate occurrence from the surgeries, occurring on a different day much earlier than the specified surgeries, by a different doctor practicing in a different specialty. Moreover, Beebe would have no notice from the pleadings that Plaintiffs intended to assert a claim involving the radiologist or CT scan. As previously mentioned, neither the original Complaint nor the First Amended Complaint mentions a CT scan, a radiologist, or any alleged negligence occurring on June 9, 2017.

Plaintiffs, in their Second Motion to Amend the Complaint, repeatedly claim they alleged "continuing medical negligence *__beginning on June 9, 2017__* and ending on November 12, 2017," citing paragraph 6 in the Complaint.[30] Plaintiffs, however, are incorrect. Neither Plaintiffs' original Complaint nor First Amended Complaint makes such allegations or references to June 9, 2017. Rather, at paragraph 6, Plaintiffs' original Complaint and First Amended Complaint read, "Defendant's negligence constitutes a continuing course of interrelated and inseparable medical

---

[29] *Atlantis Plastics Corp. v. Sammons*, 558 A.2d 1062, 1065 (Del. Ch. 1989).

[30] Pls.' Second Mot. to Amend Compl. ¶ 2 (emphasis in original).

11

treatment up to and including November 12, 2017."[31]  Nowhere in any pleading do Plaintiffs claim continuing medical negligence ___beginning on June 9, 2017___ (emphasis in original).  The only reference to June 9, 2017 is that Mr. Galate was admitted to Beebe's hospital on that date.

Plaintiffs' First Amended Complaint makes clear that the action revolves around two surgeries and their subsequent complications.  Therefore, Plaintiffs' Second Motion to Amend is barred by the statute of limitations.

## B. Beebe's Motions for Summary Judgment are Denied[32]

Beebe moves for summary judgment on the grounds that Plaintiffs' First Amended Complaint does not meet the particularity requirements of Superior Court Civil Rule 9(b), and the statute of limitations for the alleged negligent conduct expired prior to the Complaint's filing.[33]  Beebe also argues that Plaintiffs' First Amended Complaint does not meet Superior Court Civil Rule 15(c) relation back requirements.

---

[31]     Pls.' Compl. ¶ 6; Pls.' First Amended Compl. ¶ 6.

[32]     Beebe filed three separate summary judgment motions: one concerning the radiologist's vicarious liability, one concerning the general surgeon's vicarious liability, and one based on statute of limitations.  Beebe's Motion for Partial Summary Judgment on Vicarious Liability for Conduct of Radiologist is moot given the Court's denial of Plaintiffs' Second Motion to Amend Complaint.  The analysis that follows addresses Beebe's two remaining summary judgment motions.

[33]     For Beebe's summary judgment motions, Plaintiffs' First Amended Complaint is the operative complaint since the Court denied Plaintiffs' Second Motion to Amend the Complaint.  Thus, the Court's analysis is based solely on Plaintiffs' First Amended Complaint and the allegations and statements therein.

12

Plaintiffs contend that Mr. Galate's treatment, ending on November 12, 2017, constitutes one continuum of negligent medical treatment. Plaintiffs argue that under the doctrine of continuing negligent medical treatment, the statute of limitations began on September 7, 2017, the date of Mr. Galate's last surgery. Under Plaintiffs' view, the statute of limitations expired on September 7, 2019. Plaintiffs claim the statute of limitations was then extended until at least October 2, 2019 because Plaintiffs sent an NOI on July 3, 2019, thereby tolling the statute of limitations for up to 90 days.

### i. The Doctrine of Continuing Negligent Medical Treatment Applies to Plaintiffs' Claim

Delaware law recognizes the ongoing tort of continuing negligent medical treatment.[34] When a plaintiff brings an action for continuing negligent medical treatment, the statute of limitations begins to run at the time of the last act in the negligent continuum.[35]

Continuing negligent medical treatment occurs "when a course of treatment is so interrelated that there is no proper basis for compartmentalizing the chronology in applying the statute of limitations."[36] The doctrine requires that there be a

---

[34] *Jones v. Barnett*, 2020 WL 4364021, at *2 (Del. Super. July 28, 2020) (citing *Ewing v. Beck*, 520 A.2d 653 (Del. 1987)).

[35] *Benge v. Davis*, 553 A.2d 1180, 1183 (Del. 1989) (citing *Ewing*, 520 A.2d at 663, n.11).

[36] *Ewing v. Beck*, 520 A.2d 653, 661 (Del. 1987).

13

continuum of negligent medical care related to a single condition occasioned by negligence.[37] In determining whether the doctrine applies, the Court must examine whether the treatment is segmented or is "so inexorably intertwined that there is but one continuing wrong."[38] A complaint invoking continuing negligent medical treatment has the burden of alleging with particularity a course of continuing negligent medical treatment during a finite period.[39] The facts in the record must establish that the treatment was so related as to constitute one continuing wrong.[40]

Here, the doctrine of continuing negligent medical treatment applies because Plaintiffs allege with particularity that the two surgeries performed on Mr. Galate were interrelated. Plaintiffs' First Amended Complaint claims a continuum of negligent treatment beginning with the June 15, 2017 surgery during which Mr. Galate suffered an "undiagnosed injury to his colon."[41] Plaintiffs allege that the negligent treatment continued when Mr. Galate was seen by the same doctor over the next two months for "post-operative complications."[42] This led to Mr. Galate

---

[37]     *Id.* at 662.

[38]     *Id.*

[39]     *Benge v. Davis*, 553 A.2d 1180, 1183 (Del. 1989) (*citing Ewing v. Beck*, 520 A.2d 653, 664 (Del. 1987)).

[40]     *Id*.

[41]     Pls.' Amended Compl. ¶ 6-9.

[42]     Pls.' Opp. to Def.'s Mot. for Summ. Judg. at 3 ¶ 4.

undergoing colon surgery on September 7, 2017 which, Plaintiffs claim, was also performed negligently.[43]

In Plaintiffs' First Amended Complaint, Plaintiffs allege that the continuum of negligent treatment includes the June 15 surgery that injured Mr. Galate's colon, Beebe's negligent post-operative care that failed to properly recognize, diagnose, and treat Mr. Galate's post-operative complications, and the allegedly negligent colon surgery that resulted.[44] Thus, Plaintiffs sufficiently allege a continuing course of negligent medical treatment.

### ii. The Notice of Intent Complied with Statutory Requirements and Tolled the Statute of Limitations

Pursuant to 18 *Del. C.* § 6856, the two-year statute of limitations for medical negligence and resulting wrongful death actions can be tolled up to 90 days by sending a notice of intent to investigate.[45] The 90-day tolling period runs from the last day of the applicable statute of limitations. In this case, Plaintiffs sent the NOI to Beebe on July 3, 2019. The last day of the applicable statute of limitations was September 7, 2019. The NOI would, therefore, extend the statute of limitations by 90 days to December 6, 2019.

---

[43] Pls.' Amended Compl. ¶ 10.

[44] *Id.*

[45] 18 *Del. C.* § 6856(4). *See Verrastro v. Bayhealth Medical Center, Inc.*, 119 A.3d 676, 678 (Del. Super. 2015).

The Court must determine whether the NOI was sufficient under § 6856(4) to toll the limitations period. The statute requires that for a notice of intent to toll the statute of limitations period, the notice must contain: (1) the name of the potential defendants; (2) the potential plaintiff; and (3) a brief description of the issue plaintiff is investigating.[46]

Here, Beebe contests compliance with the third element. Specifically, Beebe claims the NOI does not provide adequate notice as to what issue is being investigated and therefore should not toll the statute of limitations for the September 7, 2017 surgery. Plaintiffs' NOI states that "the issue being investigated…is the potential defendants' negligence in failing to timely diagnose and treat Mr. Galate for infection that ultimately led to his death."[47] In *Verrastro v. Bayhealth Medical Center, Inc.*,[48] the court found that similar language satisfied the requirements of Section 6856(4). Plaintiffs, in this case, also named the potential defendants in the NOI with the language that the issue being investigated was "negligence in failing to timely diagnose and treat Mr. Galate for infection that ultimately led to death."[49] Thus, the NOI complied with statutory requirements and tolled the statute of limitations 90 days to December 6, 2019.

---

[46]     18 *Del. C.* § 6856(4).
[47]     *See* Dkt. 54.
[48]     119 A.3d 676 (Del. Super. 2015).
[49]     *See* Dkt. 54.

16

### iii. The First Amended Complaint Relates Back to the Date of the Original Complaint

An amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amendment arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[50] "The determinative factor is whether a defendant should have had notice from the original pleadings that the plaintiff's new claim might be asserted against him."[51]

Here, Plaintiffs' First Amended Complaint arises out of the conduct in the original pleading. The September 7, 2017 colon surgery arose out of the June 15, 2017 surgery during which, Plaintiffs allege Mr. Galate's colon was injured. Plaintiffs' original Complaint also states that Beebe was negligent in their post-operative care of Mr. Galate following the June 15, 2017 surgery. Thus, Plaintiffs' First Amended Complaint relates back to their original Complaint.

### iv. The First Amended Complaint Satisfies Civil Rule 9(b) Particularity Requirements

Beebe also claims Plaintiffs' First Amended Complaint fails Rule 9(b)'s particularity requirements. Rule 9(b) requires all averments of negligence to be stated with particularity.[52] To satisfy the particularity standard, a defendant must be apprised of: "(1) what duty, if any, was breached; (2) who breached it; (3) what act

---

[50] Super. Ct. Civ. R. 15(c)(2).
[51] *Atlantis Plastics Corp. v. Sammons*, 558 A.2d 1062, 1065 (Del. Ch. 1989).
[52] Super. Ct. Civ. R. 9(b).

17

or failure to act breached the duty; and (4) the party upon whom the act was performed."[53] The degree of particularity required in a negligence case varies depending upon "the complexity of the matter, the span of time involved, and the information available to the responding party."[54]

Here, Plaintiffs' First Amended Complaint satisfies rule 9(b)'s particularity requirements. Plaintiffs' First Amended Complaint alleges that Beebe breached its duty of care and treatment of Mr. Galate when Beebe injured Mr. Galate's colon during a surgery on June 15, 2017 and in post-operative complications, including the September 7, 2017 surgery.[55] Plaintiffs' First Amended Complaint, therefore, meets the requirements under Rule 9(b).

### v. Plaintiffs are Permitted to Submit a Supplemental Affidavit of Merit

Beebe contends that Plaintiffs' First Amended Complaint should fail for lack of an Affidavit of Merit as required under 18 *Del. C.* § 6853. Plaintiffs' First Amended Complaint specifies that part of the negligence claim involves negligence by a general surgeon. When Plaintiffs filed their original Complaint, Plaintiffs filed an Affidavit of Merit by a Board-certified urologist. Plaintiffs did not include an Affidavit of Merit by a Board-certified expert in the field of surgery when Plaintiffs

---

[53] *Jones v. Barnett*, 2020 WL 4364021, at *3 (Del. Super. July 28, 2020) (quoting *Myer v. Dyer*, 542 A.2d 802, 805 (Del. Super. 1987)).
[54] *In Re Benzene Litig.*, 2007 WL 625054, at *6 (Del. Super. Feb. 26, 2007).
[55] *See* Dkt. 61.

filed their original Complaint. Plaintiffs did, however, file such an affidavit with their First Motion to Amend.

Delaware courts exhibit leniency towards Affidavit of Merit requirements, permitting amendments to Affidavits of Merit "generously"[56] and referring to its requirements as "purposefully minimal"[57] and "not stringent."[58] This court has permitted plaintiffs to file supplemental affidavits where the initial Affidavit of Merit falls short[59] and allowed amended complaints without an additional Affidavit of Merit so long as an affidavit was filed with the original complaint.[60] "The Court's discretion in such instances is warranted because, '[i]n Delaware, public policy favors permitting a litigant a right to a day in court.'"[61]

Here, Plaintiffs filed a statutorily sufficient Affidavit of Merit from a board-certified urologist with their original Complaint and a subsequent Affidavit of Merit

---

[56] *Peck v. Orthopaedic Asscs., P.A.*, 2021 WL 3197549, at *5 (Del. Super. July 28, 2021) (citing *Buck v. Nanticoke Mem'l Hosp., Inc.*, 2015 WL 2400537, at *1 (Del. Super. May 19, 2015); *Truitt v. Bay Health Med. Ctr., Inc.*, 2019 WL 5460190, at *2 (Del. Super. Oct. 24, 2019)).

[57] *Id.*

[58] *Vareha v. Beebe Medical Center, Inc.*, 2011 WL 2361270, at *5 (Del. Super. May 26, 2011).

[59] *Peck v. Orthopaedic Assocs. Southerne Del., P.A.*, 2021 WL 3197549, at *6 (Del. Super. July 28, 2021).

[60] *Vareha*, 2011 WL 2361270, at *5 (finding that Section 6853 does not require the affidavit of merit to specifically address every allegation and the affidavit of merit met the "minimal requirements" under Section 6853).

[61] *Peck*, 2021 WL 3197549, at *5 (quoting *Buck v. Nanticoke Memorial Hospital, Inc.*, 2015 WL 2400537, at *1 (Del. Super. May 19, 2015) (alteration in original) (citing *Beckett v. Beebe Med. Ctr., Inc.*, 897 A.2d 753, 757-58 (Del. 2006)).

from a board-certified surgeon with their First Amended Complaint. Given Delaware courts' leniency towards permitting amended or additional affidavits of merit, it is within the Court's discretion to allow Plaintiffs' supplemental Affidavit of Merit with Plaintiffs' First Amended Complaint.

## V.     Conclusion

For the foregoing reasons, the Court denies Plaintiffs' Second Motion to Amend the Complaint and Beebe's Motions for Summary Judgment.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams
**Meghan A. Adams, Judge**